UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:10-cr-423-T-33AAS

LARRY EUGENE THOMAS

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Larry Eugene Thomas's pro se Motion for Compassionate Release (Doc. # 48), filed on July 1, 2020. The United States responded on July 29, 2020. (Doc. # 53). On August 17, 2020, a fellow prisoner filed supplemental medical records on Thomas's behalf. (Doc. # 56). For the reasons set forth below, the Motion is denied.

**I. Background**

On June 9, 2011, the Court sentenced Thomas to 188 months' imprisonment for distributing cocaine base in violation of 21 U.S.C. § 841(b)(1)(C). (Doc. # 39). Thomas is 62 years old, (Doc. # 56-1 at 3), and his projected release date from FCI Terminal Island is July 30, 2024.

In his Motion, Thomas seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act,

1

because he was diagnosed with COVID-19 and has other underlying medical conditions. (Doc. # 48). The United States has responded. (Doc. # 53). The Motion is ripe for review.

## II. Discussion

The United States argues that Thomas's request for compassionate release should be denied (1) because he provides no proof of his health conditions in the Motion and (2) on the merits. (Doc. # 53). The Court will set aside the first argument, as Thomas has supplemented his Motion with detailed medical records. (Doc. # 56). However, the Motion is denied because Thomas has failed to demonstrate that he has exhausted his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Thomas does not argue, let alone allege that he has exhausted his administrative remedies before filing this Motion, as required under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it

> finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Although the United States now asserts that a prisoner's administrative remedies are exhausted under 18 U.S.C. § 3582(c)(1)(A)(i) either after the warden denied the prisoner's request or after 30 days elapsed since such a request, (Doc. # 53 at 2 n.1), a reading of the statute dictates otherwise. "[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] . . . and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief." United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020).

Therefore, a prisoner may not automatically file a motion for compassionate release in the district court following the Warden's timely denial of such a request. At the very least, federal courts agree that 30 days must lapse from the time of such a request. See, e.g., United States v. Gardner, No. 13-CR-0035(1) (PJS/SER), 2020 WL 1673315, at *1 (D. Minn. April 6, 2020) (finding that the prisoner's administrative remedies were exhausted only because it had "been more than 30 days since the BOP's receipt" of the prisoner's request); United States v. Greenlove, 1:12-CR-194, 2020 WL 3547069, at *1-3 (M.D. Pa. June 30, 2020) (denying a motion for compassionate release that was filed in the district court less than 30 days after the request was made with the Warden and only two days after the Warden denied the request).

The more pertinent question is whether a prisoner has exhausted his administrative remedies when he fails to appeal a Warden's timely denial of his request for compassionate release, but thirty days have lapsed since the request was made. Some district courts have found that such an appeal is unnecessary as long as thirty days have lapsed since the request was filed. See, e.g., United States v. Williams, No.

4

2:17-cr-20002-5, 2020 WL 2300206, at *3 (W.D. Tenn. May 1, 2020). This Court disagrees.

Where the Warden timely denies a prisoner's request, the language of 18 U.S.C. § 3582(c)(1)(A) requires that the request be appealed through the appropriate administrative channels of the BOP. Only if the Warden does not respond to the request may the prisoner file a motion with the district court after 30 days have lapsed since the request was made. See United States v. Smith, No. 4:15-cr-19, 2020 WL 2063417, at *2 (N.D. Ohio April 29, 2020) ("Smith has also failed to fully exhaust his administrative remedies with respect to his original motion. Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision."); United States v. Early, No. CR 19-92, 2020 WL 272276, at *3 (W. D. Pa. May 21, 2020) ("Warden Williams responded to Defendant's request within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies."); United States v. Carr, 2020 WL 2847633, at *3 (W.D. Va. June 2, 2020) ("[W]hen a warden denies an inmate's request within 30 days, the inmate needs to exhaust his administrative remedies to *appeal* the

5

warden's denial before filing." (emphasis in original) (quotation omitted)).

Here, Thomas provides no evidence that he has exhausted his administrative remedies. The Warden timely denied Thomas's request for compassionate release on May 26, 2020. (Doc. # 48 at 4). In that denial, the Warden advised Thomas that he could "appeal [the] decision via the administrative remedy process." (Id.). Despite his ability to do so, Thomas provides no proof in his Motion that he has appealed the Warden's denial. (Doc. # 48).

In short, Thomas has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Elgin, No. 2:14-cr-129-JVB-JEM, 2019 U.S. Dist. LEXIS 86571, at *3 (N.D. Ind. May 23, 2019) (requiring that the inmate appeal the Warden's denial of relief to fully exhaust her administrative remedies).

Therefore, Thomas's Motion is denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining

6

that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

Even if Thomas had exhausted his administrative remedies, the Court would deny the Motion because his circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Thomas bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)

("Heromin bears the burden of establishing that compassionate release is warranted.").

Although the Court is sympathetic to Thomas's numerous underlying health conditions, including diabetes, high-blood pressure, and cardiovascular problems, (Doc. # 48 at 2), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG §1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication that he could not provide self-care while in prison).

Furthermore, there is no indication from the record whether Thomas was ever symptomatic or if he has since recovered from COVID-19. (Doc. # 48); see also United States v. Thomas, 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2 (M.D. Fla. Aug. 14, 2020) (denying motion for compassionate release where defendant tested positive for COVID-19 but was not "seriously ill"). On their own, Thomas's other medical

8

conditions do not warrant compassionate release. Therefore, Thomas has not shown an extraordinary and compelling reason that justifies compassionate release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Larry Eugene Thomas's pro se Motion for Compassionate Release (Doc. # 48) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of September, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE